UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID F. SUEN, | Case No.: 3:15-cv-02610-AJB-JMA |
|---|---|
| Plaintiff, | **ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A** |
| v. | |
| T. RYAN, et al., | |
| Defendant. | |

David F. Suen ("Plaintiff"), a state inmate currently incarcerated at Corcoran State Prison located in Corcoran, California, and proceeding pro se, has filed an action brought pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff claims his constitutional rights were violated over a two year period while he was housed at Centinela State Prison. (*See* Compl., ECF No. 1, at 1.)  Plaintiff names thirty six (36) defendants and seeks unspecified amount of compensatory and punitive damages. (*Id.* at 1-4, 8.)

Plaintiff has prepaid the initial civil filing fee required to commence a civil action pursuant to 28 U.S.C. § 1914(a).

**I.     Initial Screening per 28 U.S.C. § 1915A(b)(1)**

Even though Plaintiff paid the filing fee, the Court can conduct a sua sponte review of Plaintiff's Complaint because he is "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(a), (c).  Section 1915A, enacted as part of the Prison Litigation Reform Act ("PLRA"), requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).  A similar screening provision of the PLRA would apply to Plaintiff's Complaint even if he successfully moved to proceed in forma pauperis ("IFP").  See 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

**A. Rule 8**

As an initial matter, Plaintiff's entire Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 8(a),  requires a complaint to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). And while Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Here, a review of Plaintiff's Complaint contains handwriting that is so small, it is simply not legible in many areas.   Moreover, this pleading contains very little factual support for broad allegations.  If Plaintiff chooses to file an amended pleading, his handwriting must be more legible and he must provide more specific factual allegations to support his claims against each Defendant.

**B. Heck Bar**

Plaintiff appears to challenge the validity of his criminal conviction.  He claims his criminal defense counsel, California Appellate Court Justices and California Supreme Court Justices have tried to "secretly, sneaky and slyly sabotage, destroy and ruin my appeal from being overturned." (Compl. at 5.)  However, it is clear that Plaintiff may not use the Civil Right Act, 42 U.S.C. § 1983, to seek the reversal of a criminal conviction.

See *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to collaterally "attack the validity of his confinement" in federal court). "Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (quoting *Preiser*, 411 U.S. at 498-99).

Second, even if Plaintiff were to seek damages against the Defendants, who are his appointed trial and appellate counsel, under 42 U.S.C. § 1983, based on alleged violations of his constitutional rights, his claims would nevertheless amount to an attack on the validity of his underlying criminal conviction, and as such, would not be addressable under 42 U.S.C. § 1983, unless he also alleged his conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 . . . .'") (quoting *Heck*, 512 U.S. at 489).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily*

> *imply the invalidity of his conviction or sentence; if it would,* the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. Edwards, 520 U.S. at 649.

Here, to the extent Plaintiff intends to raise claims of ineffective assistance of counsel, such claims "necessarily imply the invalidity" of his criminal conviction and continued incarceration. *Heck*, 512 U.S. at 487. In other words, were Plaintiff to succeed in showing that he was provided ineffective assistance of either trial or appellate counsel, an award of damages would "necessarily imply the invalidity" of his conviction and/or sentence.  *Id.*; see also *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to succeed on ineffective assistance claim petitioner must show that counsel's performance fell below objective standard of reasonableness and that but for counsel's errors the result of the trial would have been different).

Thus, even if Plaintiff were to seek damages based on allegedly unconstitutional criminal proceedings, a section 1983 claim for damages could not yet proceed because he has not alleged that the conviction or sentence which forms the basis of his suit has already been invalidated. See *Heck*, 512 U.S. at 489-90.

In addition, even if Plaintiff could show that his conviction has already been invalidated, to state a claim under 42 U.S.C. § 1983, he must also allege that his appointed trial and appellate counsel  acted "under color of state law" to deprive him of a right secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S.

312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Attorneys who represent criminal defendants generally do not act under color of state law because representing a client "is essentially a private function . . . for which state office and authority are not needed." *Dodson*, 454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n.12 (9th Cir. 1992). When attorneys perform as advocates, i.e., meet with clients, investigate possible defenses, present evidence at trial, or make arguments to a judge or jury, they do not act under color of state law for section 1983 purposes. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Dodson*, 454 U.S. at 320-25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) (finding that public defender was not a state actor subject to suit under § 1983 because, so long as she performs a traditional role of an attorney for a client, "h[er] function," no matter how ineffective, is "to represent h[er] client, not the interests of the state or county.").

**C. Immunity**

**1. Judicial immunity**

Moreover, to the extent that Plaintiff is seeking money damages against Appellate and Supreme Court Justices for their rulings in Plaintiff's criminal matters, these Defendants are absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as Appellate and Supreme Court Justices for the State of California, these Defendants have absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion.

**2. Eleventh Amendment**

In addition, to the extent Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), Centinela State Prison, Centinela State Prison Mental Health System, Centinela State Prison Canteen Department and other related agencies as Defendants, his claims must be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim and for seeking damages against a defendant who is immune.

1  The State of California's Department of Corrections and Rehabilitation and any state
2  prison, correctional agency, sub-division, or department under its jurisdiction, are not
3  "persons" subject to suit under § 1983.  *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99
4  (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and
5  thus, not a "person" within the meaning of § 1983).  And to the extent that Plaintiff seeks
6  to sue the State of California itself, his claims are clearly barred by the Eleventh
7  Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) ("There can
8  be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the
9  Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against the CDCR, agencies of the CDCR, or any relief against the State of California itself, his Complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) & (2).

**D. Fourteenth Amendment Due Process claims**

In his Complaint, while not entirely clear, it appears that Plaintiff is challenging a disciplinary conviction that led to housing in administrative segregation ("ad-seg"). While Plaintiff's due process claims arising from his disciplinary hearing may or may not be barred by Heck, the Court finds that Plaintiff has failed to state a claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano,* 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

## II.     Conclusion

For all the reasons set out above, IT IS ORDERED that:

Plaintiff's Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §1915A(b). However, Plaintiff is granted forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete

1  in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.
2  Defendants not named and all claims not re-alleged in the Amended Complaint will be
3  deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
4  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be
5  granted, it may be dismissed without further leave to amend and may hereafter be
6  counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172,
7  1177-79 (9th Cir. 1996).

The Clerk of Court is directed to mail a form civil rights complaint to Plaintiff.

Dated:  November 23, 2015

Hon. Anthony J. Battaglia
United States District Judge